U.S. v. Rechnitz. Alright, is it Bialy? Biel, Your Honor. It's a tough one. I'll get somebody's today. Was Rechnitz right? That's right. That one you got. Mr. Biel, you have five minutes. Sorry, you have eight minutes. I can do it in five. You have eight minutes, and it looks like you are not planning on any rebuttal, so we'll hear from you now. I was told that rebuttal is not permitted on motions, which I can live with, Your Honor. Good morning, Your Honors. May it please the Court. Noam Biel on behalf of Jonah Rechnitz, who's the defendant appellant in this appeal and the move-int. We're before the Court seeking bail pending appeal. This Court should grant Mr. Rechnitz's motion because there's clear and convincing evidence that Mr. Rechnitz is not a flight risk, is not a danger to the community, his appeal is not for purposes of delay, and it raises a substantial question likely to result in a sentence that is less than the duration of the appeal process. The only issue in dispute is whether there's a substantial question. So I'm going to address that. Before I do, though, I want to make two quick points. The first is I want to correct an error in my math from the motion. I said that it had been five years from Mr. Rechnitz's original sentencing to his resentencing. I went back and looked. The original sentencing was in November 2019. The resentencing was in March of 2026. Turns out that's six and a half years. And that's important, Your Honors, because a critical issue at the resentencing was what had occurred during that six and a half year period, both in terms of Mr. Rechnitz's rehabilitation, the additional punishment that we contended he had endured from the time of having the resentencing hanging over his head like a Damocles sword, and the reduced sentences that had been given to co-defendants in the case. So I'll return to that in a moment. But I also want to address the appropriate standard of review. The government argues that because Mr. Rechnitz did not lodge a specific objection to the district court's sentence and did not ask for further explanation of the sentence, that this court should review his claims on plain error. That is wrong. The United States Supreme Court — But on a motion for bail, what difference does that make here? We have a standard for the motion for bail. Although, of course, we have to consider the merits of the appeal. Are we considering that because we are taking into account whether he's likely to succeed on his substantive appeal? So the government has relied heavily on the plain error standard in its opposition to the motion. I don't think the plain error standard does apply in light of the Supreme Court's decision in Holguin-Hernandez v. United States. But I think we meet the plain error standard in any event. But Your Honor is correct that for purposes of bail pending appeal, the issue is just whether there is a substantial question. And under this Court's precedence, that doesn't mean likely to result in a reversal. What it means — No, but it has to be likely to result in a lower sentence or no sentence, right? Well, what this Court held in United States v. Randell, which is the first case interpreting the Bail Reform Act on this point, is what substantial question means in this context is really, is it just an integral question to the merits of the appeal? And here, where Mr. Reknitz is challenging his sentence, his sentence of imprisonment, he raises substantial arguments as to why the district court procedurally erred in imposing that sentence. If the case were to be sent back and the district court or another district court were to consider the changed circumstances, we believe that would result in a lower sentence and Mr. Reknitz would have already served his time. So that's the problem.  Let me ask you about that substantive argument. It seems like you're arguing that not only did the district court have an obligation to assess the 3553A factors as they apply to Mr. Reknitz, but that the district court had a specific obligation to explain the lack of a difference, I guess, but to explain the comparison between the sentence imposed this time and the original sentence. I don't — that feels like what you're arguing, is that the district court had to explain why it was the same as opposed to simply explaining why a sentence of 5 months comported with 3553A from the judge's perspective. So, Your Honor, I'm not arguing that the district court had a specific obligation to address some specific point. That's not what this Court has held. The Court has held that there are not specific arguments that the district court has to address or magic words or anything like that. But what the Court has held is where the district court's discretion is sort of at its maximal point, and this is from the decision in United States v. Pugh, that more explanation is required. So it's not enough simply to say, I've considered all the 3553A factors. Here, the district court said, I must consider the 3553A factors, and she listed them, but she didn't actually analyze any of them except for seriousness of the offense. Well, why is that the case? Because if you read Judge Famola's sentencing discussion, she goes through all the factors. She heard your argument on all the points that you're talking about. And what she said was that a sentence of anything less than 5 months would not reflect the severity of the offense. And so taking into account everything that you argue, if she grants you all of that, given the severity of the offense, a sentence of incarceration of 5 months was necessary. So why isn't that considering all the factors and not forgetting about any of them? So there's a couple of reasons, Your Honor. So first of all, she only addressed one factor. While it's true that she listed all the factors and said she had considered everything, this Court in multiple decisions has held that simply saying that and then imposing a sentence and saying this sentence is sufficient but not greater than necessary is not sufficient to meet the Court's explanation obligation. So a recent case where that was decided was United States v. Rosa. In that case, I think it was Judge Johnson in the Eastern District said, I've considered all your arguments. I've listened to the arguments of counsel. I read all the submissions. I've considered the 3553A factors. This sentence is sufficient. I'm giving it to you. What if Judge Vela said, I hear you, counsel, on all the points you've made. I've really thought about them. And absent the severity of the offense factor, I would probably say that a sentence of no incarceration would be warranted. But because of that one factor and its impact on the sentencing decision, 5 months is the right sentence. Still the same error? I think that would provide more of an explanation. Judge Vela did not do that. And in addition, I think that the key points that did need to be addressed in some form or fashion by the Court was how, because Mr. Rechnitz was entitled to be sentenced as he stood before the District Court at the resentencing, the Court had to consider the changed circumstances. But she says, I know how he's been on release, and he's doing better with his family, and he's more connected to his religion. So she doesn't talk in great length about it, but she does touch on his current circumstances and does so in a way that compares them to the prior circumstances. I concede she glancingly pointed to some things that had happened to Mr. Rechnitz. I think she said since he committed the crime and decided to cooperate, so that takes it back to before the original sentencing. What she did not address... The officer said since he'd been out on release. Right, and he was out on release the entire time since he pled guilty in 2016. So what she did not address, however, was the way in which the length of time affected Mr. Rechnitz and the additional punishment that that imposed and the fact that his co-defendants had had their sentences reduced. Now, the government... Is it a question that she didn't address it or that you don't like how she evaluated the ultimate conclusion she came to? Your Honor, I recognize that if I simply didn't like how she evaluated it, I wouldn't be here making this argument. She didn't address those factors at all. In particular, sentencing disparities, which she acknowledged. To be clear, she acknowledged I must consider unwarranted disparities. We raised in our submission, and I raised at the sentencing itself, disparities both in the sense that the government talks about, nationwide disparities. We pointed to many sentences of cooperators that resulted in sentences of no time or significantly less time, and we pointed to the changed circumstances of the co-defendants in this case. Well, the 5K motion the government filed was very strong on behalf of your client, probably among the strongest. Correct. So laying out his entire cooperation. To be clear, what exactly was the difference in the sentence? Is it that you wanted, you asked Judge Phelan to impose it as home confinement as opposed to actually serving the five months in jail?  So, Your Honor, the government says the sentence was different because of that home confinement provision. Home confinement, however, is a condition of supervision. What we will challenge on appeal is the sentence of imprisonment. And what we argued is, given all of the changed circumstances, Judge Hellerstein's five-month sentence of imprisonment was no longer reasonable and that a sentence of time served was appropriate. So you're not going to challenge the denial of serving that time in home confinement? I think, Your Honor, in order for – that's not what we're challenging on appeal. Since I requested that at sentencing, I think that that would be a forfeited or waived challenge. What we are challenging, Your Honor, is the fact that Judge Phelan did not consider these changed circumstances, simply imposed the same sentence of imprisonment and did not make the proper findings that would justify that sentence. And I recognize I've gone over time, but I just want to return, Your Honors, to the question that's before this panel, which is simply whether it's an integral question to the merits of the appeal. And the problem here is, by the time we get to the merits panel and argue Mr. Rechnitz's challenge to the sentence of imprisonment and the government responds, Mr. Rechnitz will have served his sentence already. All we're asking for is an opportunity for Mr. Rechnitz to bring his challenge to this court and have this court decide it before it becomes moot because he's already served his sentence. Thank you, counsel. Thank you for your time. We'll hear from the government. May it please the Court. Laura Pomerantz for the United States. I represent the United States on appeal, and I also represented the United States in the proceedings below. The defendant's motion for bail pending appeal should be denied. Judge Baila did not procedurally err when she imposed a below-guideline sentence in this case after considering the Section 3553A factors. There are certainly no substantial issues of law or fact that would merit bail pending appeal. The defendant failed to raise alleged procedural error at the time of sentencing. Indeed, the defendant acknowledged that there was no legal reason that Judge Baila could not impose the announced sentence. Help me understand how that plain error analysis plays into our assessment under the Bail Reform Act. So, Your Honor, the plain error standard is the correct standard here. For the merits appeal. We're here under 3143, right? We're here under the Bail Reform Act, which says that you have to show a substantial question that's likely to result in a lower sentence or no sentence of imprisonment, right? Where does plain error come into that standard? And what I was asking your colleague on the other side was, is it that the question of the likelihood of success, I know this is not a preliminary injunction case, but the question of whether it is likely to result in a lower sentence in part turns on the plain error standard. But I'm having trouble understanding why you're so focused on plain error when we're under this Bail Reform Act statute. Well, I think the point, Your Honor, is that when the defendant fails to raise an alleged procedural error in the district court, that forfeited objection is reviewed for plain error. Right. And the failure to explain is a classic example of where plain error review is appropriate. For the merits panel. That's what I'm trying to understand, is what does that have to do with the 3143 standard? But under the 3143 standard, regardless, Your Honor, the question for the court is whether the appeal raises a substantial question of law or facts, and the defendant can't meet that standard. So is your position that the substantial question issue is measured against the standard of review that would apply on the appeal? So if the standard of review is plain error, then that obviously heightens the burden to show a substantial question. Is that basically your position? Yes, Your Honor. Okay. So then counsel said plain error doesn't apply here. And I can understand why they would make that argument, because counsel below made all these arguments about the disparities, about the rehabilitation, about everything else. And what more were they supposed to do? And they sent the cases saying that plain error doesn't apply under these circumstances where those arguments were made, they were rejected by the trial court, and then there's a final plea for bail that's rejected as well. What more does counsel have to do to avoid plain error review? Well, I think, Your Honor, when posed with the question of, is there any legal reason that I can't impose this sentence, there was the opportunity for the defendant to then raise questions to object to ask for further explanation in connection with the sentencing, and that's not what happened here. Instead, there was no legal basis, no legal reason that Judge Gala could not impose the sentence. And so here we're dealing with a situation where Judge Gala adequately explained her sentence. It was obvious at the time that she imposed the sentence why she was imposing the sentence. And the defendant's arguments were taken into account, presented to Judge Gala, and taken into account by Judge Gala. And there's no ---- But that's the issue here, whether there is an adequate explanation for the sentence. And having had the benefit of sitting on the panel that reversed this case and sent it down for sentencing, knowing the troubled history of this case that involved your own office reporting an ex parte communication by the previous judge, I have to say, having read the transcript, I was a little troubled by the lack of sort of explanation in what appeared to be somewhat dismissive when, for example, there was a request for bail pending appeal. Denied. No explanation whatsoever given. Take it up with the Second Circuit if you want an appellate bond. So my question to you is, he's been out six and a half years. By your own office's submissions, his cooperation is probably the best your office has ever seen. There have been no issues. He's looking at a five-month jail sentence which would be over by the time his appeal is complete. Why not grant him bail pending the appeal? Because the relevant question is whether there's a substantial issue, substantial issue of law or fact. And there is no substantial issue of law or fact. But if he objected and raised the issues of the disparity of the other co-defendants and their sentences, in light of the history of this case, how is that not substantial enough? I mean, does a defendant, when he raises an objection, raises an issue, the court says, no, I'm not accepting that argument? There's a principle that you don't have to keep raising it, particularly when the court appears annoyed at counsel and says, sit down. Even if defense counsel had objected to the sentence being imposed on the grounds of the difference between co-defendants or co-conspirators, there still would not be a substantial issue of law or fact. The law in this circuit is clear that, under Bryant, that there's no requirement to consider disparities with a co-defendant. And here, even if you walked through each of the co-defendants, you can easily distinguish all of them. But there's no requirement that Judge Vela consider the disparity with a co-defendant. And in any event, it's clear from the sentence that Judge Vela imposed and the reasoning that she explained that she considered the defendant's cooperation in imposing sentence. And can you help with the – you said that there were differences between the co-conspirators and so that that isn't grounds for any error. Could you help us understand the reasons why the co-defendants were not similarly situated? Sure. With respect to Norman Seabrook, who went to trial, he went to trial and then had a retrial. He was sentenced to – originally sentenced to 58 months and was the official – the individual at the Correction Officers Union who accepted the bribe, never accepted responsibility for his conduct. You also have Murray Huberfeld, who pled guilty to a different offense. So his crime of – his offense of conviction was different than the offense of conviction of Jonah Rechnitz. He was sentenced to seven months. Also, that was affected – Judge Lyman's sentence was impacted by the personal history and characteristics of that defendant. You also have Michael Harrington, who pled guilty to a different offense in connection with his crime. And he was – and I think defense counsel himself acknowledges was less culpable than Jonah Rechnitz. And so ultimately – and Jeremy Reichberg, who was convicted after trial, who was sentenced to 48 months. And I know that defense counsel makes much of that. He only served 13 months, but he was sentenced to 48 months. So what ultimately happened with medical furlough, that is a different issue. The sentence that was imposed was 48 months. And so here, Judge Fela, in assessing the defendant's cooperation, which she recognized how significant the cooperation was, but was also discussed the significance and the seriousness of the offense. Ultimately, her assessment was that a five-month sentence was appropriate in balancing the 3553A factors. Now, how are you going to convince people to cooperate with the United States in the future if someone says, well, you know, I can go to trial and get 15 months or seven months, or I can cooperate, have a sentence waiting over my head for six and a half years, and then just get two months less of jail time? I mean, there's something to be said for that, counsel, isn't there? I understand Your Honor's question. And ultimately, the sentence could have been much higher. And so ultimately here, Judge Fela's assessment of five months is a significantly lower sentence than what the guidelines were for the defendant. And her assessment was that given the seriousness of the conduct here, that that was the appropriate sentence. All right, counsel, thank you both. We'll take the matter under advisement.